## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-830


**DAVID COOK TRUCKS AND EQUIPMENT**

**VERSUS**

**LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 59,822
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

**REVERSED AND REMANDED.**


**William D. Dyess
P. O. Drawer 420
Natchitoches, Louisiana 71449
Counsel for Plaintiff-Appellee:**
    **David Cook Trucks and Equipment**

**Stephen A. Quidd
P. O. Box 66614
Baton Rouge, Louisiana 70896
Counsel for Defendant-Appellant:**
    **Louisiana Department of Public Safety and Corrections**

**PAINTER, Judge.**

Defendant, the State of Louisiana, through the Department of Public Safety and Corrections, Office of Motor Vehicles (the Department), appeals an ex parte order from the trial court ordering it to remove certificates of destruction issued for fifteen vehicles and issue certificates of title on the same vehicles, declaring them salvage/Katrina vehicles. Finding that the use of summary proceedings was not authorized in this instance and that the Department was entitled to a contradictory hearing, we reverse both the trial court's judgment and amended judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 13, 2007, Plaintiff, David Cook Trucks and Equipment (Cook Trucks), filed an "Ex Parte Petition to Remove Certificate of Destruction and Declare Salvage/Katrina Vehicles" relative to fifteen vehicles it its possession. Cook Trucks alleged that it lawfully owned all of the fifteen vehicles, that all fifteen vehicles were water damaged as a result of flooding due to Hurricane Katrina, that all fifteen vehicles weighed in excess of 20,000 pounds, that all fifteen vehicles were statutorily exempt from certificates of destruction pursuant to La.R.S. 32:702(15), and that it was entitled to an ex parte order directed to the Department to properly remove the certificates of destruction and issue salvage/Katrina titles for them. Plaintiff further alleged that it had made all necessary attempts to obtain removal of the certificates of destruction and that no fees were due and owing. The same date the petition was filed, the trial court signed an order for the relief requested by Plaintiff therein.

1

On April 18, 2007, Plaintiff filed an "Amended Ex Parte Petition to Remove Certificate of Destruction and Declare Salvage/Katrina Vehicles. This amendment corrected a vehicle identification number for one of the vehicles and added a sixteenth vehicle to the list. In response, the trial court signed an amended judgment.

The Department filed this appeal, alleging that the trial court erred in granting the requested order without requiring Plaintiff to comply with the Code of Civil Procedure and the provisions of La.R.S. 13:5101, *et seq.*, with regard to civil actions against the State or an agency of the State. For the reasons that follow, we agree with Defendant and reverse the ex parte orders issued by the trial court and remand the matter for further proceedings.

**DISCUSSION**

Louisiana Code of Civil Procedure article 3593 provides, in pertinent part, that "[a] summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise proved by law." The use of summary proceedings is governed by La.Code Civ.P. art. 2592 which sets out eleven instances in which summary proceedings are authorized. The list is exclusive. However, number eleven provides for use of summary proceedings in "all other matters in which the law permits summary proceedings to be used." That the State is the adverse party is of no consequence in this matter as "[a]ll procedural questions arising in suits on claims against the state, state agencies, or political subdivisions shall be determined, except as the contrary is specified in this Part, in accordance with the rules of law applicable to suits between private parties." La.R.S. 13:5103.

Plaintiff essentially attempted to use a summary proceeding in this case. However, Plaintiff filed an ex parte motion rather than a contradictory motion.

2

Louisiana Code of Civil Procedure article 963 provides, in pertinent part, that if the written motion applies for an order to which the mover is clearly entitled without supporting proof, "the court may grant the order ex parte and without hearing the adverse party."

We find no provision in La.R.S. 32:701 *et seq.* providing for the use of summary proceedings against the Department or authorizing the use of ex parte orders in this regard. We further find that Plaintiff was not clearly entitled to the relief sought in its ex parte petitions since there was no evidence as to the fulfillment of the conditions set forth in La.R.S. 32:702(15) for exemption from the certificate of destruction statute. We agree with the Department that if it is not allowed to contest such matters, it cannot protect consumers from incorrectly branded motor vehicles or provide consumers with notice that a vehicle is flood damaged. Louisiana Revised Statutes 32:707.3(A) provides that when a motor vehicle is determined to be "water damaged" (defined as "any vehicle, other than an antique vehicle or a vehicle in excess of 20,000 pounds gross vehicle weight (GVW), whose power train, computer, or electrical system has been damaged by flooding as a result of a gubernatorially declared disaster or emergency and that is a 'total loss'" by La.R.S. 32:702(15)), the insurance company that obtains ownership of the vehicle must apply for a certificate of destruction. That statute further states that no motor vehicle for which a certificate of destruction has been issued "shall be later issued a salvage or reconstructed title or otherwise titled or registered by the office of motor vehicles for use on the roads or highways of this state." Whether or not the sixteen vehicles in question are exempt from the issuance of certificates of destruction because they were water damaged by

3

Hurricane Katrina and are in excess of 20,000 pounds is a determination which requires supporting proof. Thus, the matter should not have been handled ex parte.

## DECREE

Since supporting proof was required for the relief requested by Plaintiff, the use of ex parte proceedings in this case was unauthorized. Thus, we reverse the ex parte orders issued by the trial court and remand this matter for further proceedings in accordance with this opinion. Costs of this appeal are assessed to Plaintiff-Appellee, David Cook Trucks and Equipment.

**REVERSED AND REMANDED.**